**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRILUKI WAHJUDI, | No. 07-72677 |
| Petitioner, | Agency No. A077-302-557 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2011[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Triluki Wahjudi, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 n.4 (9th Cir. 2003), and de novo claims of due process violations in removal proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

This court lacks jurisdiction to consider Wahjudi's challenge to the finding that his asylum application is time-barred and not excused by changed or exceptional circumstances because it is based on a factual dispute. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). Accordingly, we dismiss the petition as to his asylum claim.

Substantial evidence supports the agency's denial of withholding of removal because the robberies, extortion, and single incident of physical harm Wahjudi experienced in connection with his cigarette store did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004). Substantial evidence also supports the agency's finding that Wahjudi failed to show it is more likely than not he would be persecuted in the future, even under a disfavored group theory. *See Hoxha*, 319 F.3d at 1184-85. Further, the record does not compel the conclusion that Wahjudi established a pattern or practice of persecution of Chinese

Christians in Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009).

Substantial evidence also supports the agency's denial of CAT relief because Wahjudi failed to establish it is more likely than not he would be tortured if returned to Indonesia. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

Wahjudi's contention that the IJ violated his due process rights by considering evidence from other asylum applicants' testimony fails because he did not demonstrate prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice for a petitioner to prevail on a due process claim). His contention that the BIA erred in finding the IJ committed a de minimus error is not supported by the record. *See id.*

**PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.**